People v Dennis (2019 NY Slip Op 00697)





People v Dennis


2019 NY Slip Op 00697


Decided on January 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


1087/12 -8302 8301 8300

[*1]The People of the State of New York, Respondent,
v
Andre Dennis also known as Denise Dennis, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Dana Poole of counsel), for respondent.



Judgment, Supreme Court, New York County (Rena K. Uviller, J. at plea and sentencing; Daniel P. Conviser, J. at postconviction proceedings and resentencings), rendered May 22, 2013, as amended July 26, 2018 and June 19, 2018, convicting defendant, upon her plea of guilty, of attempted assault in the second degree, and sentencing her, as a second felony offender, to a term of two to four years, unanimously affirmed.
After a hearing at which defendant testified, the hearing court correctly determined that defendant's 2000 second-degree burglary conviction in Onondaga County was not unconstitutionally obtained, and that it therefore qualified as a predicate felony conviction in the instant case. Defendant failed to demonstrate that, had she known of the postrelease supervision component of her 2000 sentence, she would not have pleaded guilty (see People v Smith, 28 NY3d 191, 205 [2016]). There is no basis for disturbing the court's credibility determinations. Among other things, defendant, who had been charged with first-degree burglary, received a favorable disposition with a very lenient sentence. In the instant proceedings, defendant never alleged that she was actually innocent of the burglary, or that she had a viable defense. Regardless of whether she had been convicted of the first or second-degree crime, after trial or by plea, the sentence would have included a term of PRS. The record supports the resentencing court's rejection of defendant's assertion that, simply to avoid a term of PRS, she would have risked a sentence of up to 25 years by going to trial on a first-degree burglary charge.
We decline to reach the People's procedural arguments.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 31, 2019
DEPUTY CLERK